UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

TRUSTEES FOR MICHIGAN CONFERENCE
OF TEAMSTERS WELFARE FUND,

                Plaintiff,

v.                                                  Case No. 19-10704

RPF OIL COMPANY
a Michigan corporation,

                Defendant.
_____
Michael J. Mills, Esq. (P29209)
Law Offices of Michael J. Mills
1843 Orchard Lake Road
Sylvan Lake, Michigan 48320
(248) 647-7460
mjmills@mjmillspc.com
Counsel for Plaintiff
_____

# COMPLAINT

NOW COMES the Plaintiff, Trustees for Michigan Conference of Teamsters Welfare Fund (hereinafter referred to as "Plaintiff Fund"), by its attorneys, Law Offices of Michael J. Mills, and as and for a cause of action against RPF Oil Company (hereinafter referred to as "Defendant"), alleges and shows to the Court the following:

## JURISDICTION

1.      Jurisdiction of this Court is founded upon Sec. 301(a) of the Labor Management Relations Act of 1947, as amended (29 U.S.C. 185(a)), and Sec. 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended by the Multi-Employer Pension Plan Amendments Act of 1980, P.L. No. 96-364, Sec. 306 (codified as amended at 29 U.S.C. 1002(1),

(2), (3), (37), 1132 and 1145) ("ERISA"), in that Plaintiff Fund is aggrieved by Defendant's violation of certain Participation Agreements and Trust Agreements, and Defendant's continued refusal to submit contributions in accordance with and as regulated by such documents and the aforesaid statutory provisions.

2. A copy of the Complaint herein is being served on Deputy Director, Secretary of Labor at 200 Constitution Avenue, Room N. 5619, Washington, D.C. 20210 and the Secretary of the Treasury at 1500 Pennsylvania Avenue, Washington, D.C. 20220 as required by Section 502(h) of ERISA, 29 U.S.C. §1132(h).

## THE PARTIES

3. Plaintiff Fund is an employee benefit plan within the meaning of Sections 3(1), (2), (3) and (37), 502 and 515 of ERISA, and the Trustees bring this action on behalf of Plaintiff Fund, participants and beneficiaries of said Plan. Plaintiff Fund maintains offices at 2700 Trumbull Avenue, Detroit, Michigan.

4. Upon information and belief, Defendant is a Michigan corporation.

5. Defendant is engaged in business with a principal business address of 9400 S. Saginaw Street, Ste. A, Grand Blanc, Michigan 48439.

## VENUE

6. Plaintiff Fund is administered in the Eastern District of Michigan. Venue is conferred on this Court pursuant to Section 502(e)(2) of ERISA, 29 USC Section 1132(e)(2).

7. Defendant is an employer and party in interest in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and (14) of ERISA (29 U.S.C. 1002(5), (11), (12) and (14)) and the Labor Management Relations Act of 1947 (29 U.S.C. 151, et seq.).

## FACTUAL ALLEGATIONS

8. For all times relevant Defendant was a party to and agreed to abide by the terms and provisions of certain Michigan Conference of Teamsters Welfare Fund Participation Agreements with effective dates of May 8, 2011, May 11, 2014 and May 28, 2017, copies of which are attached to this Complaint, made a part hereof and labeled Exhibit A (hereinafter referred to as "Participation Agreements"). Under the Participation Agreements, Defendant agreed to make timely contributions to Plaintiff Fund no later than the 10th day of the month following the calendar month in which the week ends.

9. By virtue of executing the Participation Agreements, and adopting and assenting to all the terms and provisions of Plaintiff Fund's Trust Agreement and the rules and regulations heretofore and hereafter adopted by the Trustees of Plaintiff Fund, Defendant has agreed as follows:

   A. To file monthly reports and make timely and prompt contributions to Plaintiff Fund for each employee covered by the Participation Agreements;

   B. To designate, and accept as its representatives, the Trustees named in the Trust Agreement and their successors;

   C. To adopt and abide by all of the rules and regulations adopted by the Trustees of Plaintiff Fund pursuant to the Trust Agreement;

   D. To adopt and abide by all of the actions of the Trustees in administering Plaintiff Fund in accordance with the Trust Agreements and the rules so adopted; and

   E. To pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions, and, in addition, actual attorneys' fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages.

## COUNT I - MONEY DAMAGES

10. Plaintiff Fund realleges each and every allegation contained in paragraphs 1 through 9 above and incorporates the same as though fully set forth herein word for word.

11. Section 502(g)(2) of ERISA, 29 U.S.C. 1132(g)(2), provides:

    (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan-

    (A) the unpaid contributions,

    (B) interest on the unpaid contributions,

    (C) an amount equal to the greater of -

      (i) interest on the unpaid contributions, or
      (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

    (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (E) such other legal or equitable relief as the court deems appropriate.

    For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

12. Section 515 of ERISA, 29 U.S.C. 1145, provides:

    Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

13. Section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. 185(a), provides a federal forum to enforce labor contracts, which include the contractual promise to make fringe benefit fund contributions.

14. Defendant has failed to perform its obligations pursuant to the terms and

4

conditions of the Participation Agreements by, although not necessarily limited to, the following:

    A.    Failing to make continuing and prompt payments to Plaintiff Fund as required by the applicable Participation Agreements; and

    B.    Failing to timely and accurately report employee work status to Plaintiff Fund.

15.    Despite demands that Defendant perform its contractual and statutory obligations, Defendant has wholly failed, neglected, omitted and refused to make the required payments. Consequently, Plaintiff Fund is entitled to all of the remedies provided by ERISA. It is anticipated that the delinquency may grow during the pendency of this suit if Defendant fails to remit contributions as they become due.

16.    As of February 28, 2019, Defendant is indebted to Plaintiff Fund in the amount of $178,692.64 representing unpaid contributions, interest, liquidated damages and audit costs for the April 2012 through February 2019 work months. (See audit findings detail report attached hereto as Exhibit B).

17.    Defendant may also be indebted to Plaintiff Fund for unpaid contributions, interest and liquidated damages for the period March 1, 2019 to the commencement of this action and any contributions, interest and liquidated damages becoming due and/or arising after the commencement of this lawsuit.

WHEREFORE, Plaintiff Fund demands the following relief:

A.    Judgment on behalf of Plaintiff Fund and against Defendant, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. 1132(g)(2), in such amounts as may be determined:

    i.    For unpaid contributions, interest, liquidated damages, and audit costs for work months prior to the commencement of this lawsuit;

    ii.    For unpaid contributions, interest and liquidated damages becoming due after the commencement of this lawsuit; and

        iii.        For actual attorney fees and the costs of this action.

    B.        Such other, further or different relief as the Court deems just and proper.

                      LAW OFFICES OF MICHAEL J. MILLS

                      By: /s/ Michael J. Mills
                          Michael J. Mills, Esq. (P29209)
                          1843 Orchard Lake Road
                          Sylvan Lake, MI 48320
                          (248) 647-7460
                          mjmills@mjmillspc.com
                          Counsel for Plaintiff Fund

Dated:  March 6, 2019